# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Ashley Taylor                                Docket No. 1:14-MJ-339

### Petition on Probation

COMES NOW Bethany Erding, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Ashley Taylor, who was placed on supervision by the Honorable Theresa Carroll Buchanan, United States Magistrate Judge sitting in the Court at Alexandria, Virginia, on the 4th day of August 2014, who fixed the period of supervision at one year, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1) The defendant must participate in a drug education or treatment program, or both, if ordered to do so by the supervising probation officer.

2) The defendant must undergo drug testing, including but not limited to urinalysis, if ordered to do so by the supervising probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

### ORDER OF COURT

Considered and ordered this 11th day of May, 2015 and ordered filed and made a part of the records in the above case.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2015

Bethany Erding
Bethany Erding
U.S. Probation Officer
703-299-2305

Place Alexandria, Virginia

OFFENSE: Possession of Marijuana, in violation of Title 21, U.S.C. Section 844.

SENTENCE: Pursuant to Title 18, U.S.C. Section 3607, Ms. Taylor was placed on one year of supervision with the special conditions listed on page 1 of this petition.

On March 10, 2015, the Court vacated the original sentence and entered a conviction for the offense of Possession of Marijuana. The following special conditions were imposed: 1) The defendant shall serve ten (10) days in jail (weekends permitted) at the direction of the probation officer; 2) The defendant shall enter and successfully complete an alcohol treatment and/or education program at the direction of the probation officer; 3) The defendant shall undergo substance abuse testing and/or treatment at the direction of the probation officer; 4) The defendant shall undergo mental health testing and/or treatment at the direction of the probation officer; and 5) The defendant shall pay a mandatory $25.00 special assessment, to be paid within thirty (30) days.

ADJUSTMENT TO SUPERVISION:

On August 4, 2014, Ms. Taylor commenced her initial period of supervision.

Since the commencement of supervision, Ms. Taylor has had a difficult adjustment to supervision. Ms. Taylor was given the benefit of No Court Action Recommended after she failed to comply with therapeutic services and continued to use marijuana. The Court approved the request for no action as Ms. Taylor agreed to comply with recommended treatment, and refrain from the use of mood altering substances, including alcohol.

Due to continued noncompliance with drug testing and treatment, Petitions on Probation were filed on February 10, February 23, and March 6, 2015. Consequently, on March 10, 2015, the defendant appeared before the Court pursuant to a revocation hearing and was found in violation of her conditions. Ms. Taylor's probation, which was previously imposed under Title 18, U.S.C., Section 3607, was vacated and a conviction for Possession of Marijuana was entered. Ms. Taylor was further ordered to comply with substance abuse and mental health testing/treatment, and serve ten (10) days of confinement.

Presently, Ms. Taylor's intermittent confinement designation remains pending until completion of inpatient treatment. Ms. Taylor is currently unemployed as she was recently fired from her place of employment after making racial/discriminatory remarks towards another employee.

Since Ms. Taylor's last appearance before the Court, she continues to disregard the conditions set forth by the Court as reflected in the violation data below.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**STANDARD CONDITION 3:** **FAILURE TO REPORT AS DIRECTED.**

On April 21, 2015, as Ms. Taylor was becoming increasingly difficult to contact, a message was left with Ms. Taylor's mother instructing Ms. Taylor to report to the undersigned on April 23, 2015, at 8:30 a.m. On that date, Ms. Taylor reported two hours late. Consequently, she was directed to report for another office visit on April 27, 2015, at 830 a.m. However, on that date, Ms. Taylor again failed to report as directed.

**STANDARD CONDITION 6:**     **FAILURE TO NOTIFY OFFICER OF ADDRESS CHANGE.**

On April 27, 2015, during a telephone contact, this officer questioned Ms. Taylor as to her whereabouts. After further discussion, it was revealed she was no longer residing at her approved residence. According to Ms. Taylor, she was staying with a friend at the Travel Lodge located in Alexandria, Virginia. Ms. Taylor specifically stated she was staying in room 152. On April 29, 2015, in an attempt to reach Ms. Taylor, this officer contacted the only Travel Lodge in the Alexandria area. The hotel receptionist advised that their lodge does not have a room 152.

**STANDARD CONDITION 7:**     **USE OF MARIJUANA.**

On April 9, and April 23, 2015, Ms. Taylor's urine specimens returned positive for the presence of marijuana.

**SPECIAL CONDITION 3:**     **FAILURE TO COMPLY WITH SUBSTANCE ABUSE TESTING.**

On April 20, and May 4, 2015, Ms. Taylor failed to comply with her drug testing requirement.

**SPECIAL CONDITION 2:**     **FAILURE TO COMPLY WITH SUBSTANCE ABUSE TREATMENT.**

On March 20, 2015, Ms. Taylor was directed to enter inpatient treatment with the Phoenix House located in Arlington, Virginia, with associated treatment costs to be paid by the United States Probation Office. After several attempts by this officer and the Phoenix House to place Ms. Taylor into therapeutic services, Ms. Taylor was afforded one last opportunity to enroll in treatment. On April 29, 2015, Ms. Taylor was directed to enroll in therapy within the next 24 hours to avoid violation proceedings. Although Ms. Taylor confirmed receipt of this officer's instruction, she failed to enroll in treatment as confirmed by the Phoenix House on May 5, 2015.

BME/vlh